**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3170
_____

NOELLY NICOLAS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A97 536 795
Immigration Judge:  Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2010
Before: SLOVITER, JORDAN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 07, 2010)
_____

OPINION
_____

PER CURIAM

Noelly Nicolas petitions for review of an order of the Board of Immigration

Appeals ("BIA"), which dismissed her appeal from an Immigration Judge's ("IJ") final

removal order.  We will deny the petition for review.

I.

Nicolas is a native and citizen of Haiti. She came to the United States in October 2007 with a transit visa, but she did not have a ticket or money to go on to her intended destination, Brazil. When questioned, she asserted that she had a fear of returning to Haiti, and she was placed in immigration proceedings. She was charged with being removable for seeking entry through fraud or misrepresenting a material fact, and for not being in possession of a valid immigrant visa.[1] She applied for asylum, withholding of removal and protection under the Convention Against Torture ("CAT").

Nicolas sought relief based on an incident that occurred in October 2005 when she was sixteen years old. She was walking to a friend's home to spend the weekend, when she was abducted by five armed, masked men, and was forced into a car. They blindfolded her and tied her hands together and took her to an unknown location where she was kept for two and a half days. She was pushed, kicked and beaten because she refused to do what they wanted. They beat her with lamps, arms and feet, and burned her with a plastic object on her arm. She still retains a scar from the burn. On the third day, they put her back in the car, drove for a little time, and pushed her out of the car. They told her if she told anyone they would find her and harm her again. She walked home and told her mother that she was burned when she was cooking with her friend. Her mother took her to a hospital where she was treated and released. She lied to her mother because

---

[1] She was eventually found removable only on the latter ground.

she did not want her mother to report the incident to the police or share the information with other people. She did not report the incident to the police, because she believed the police are involved in kidnapping.

Nicolas testified that she believed she was kidnapped because she was "a defenseless little girl," and because some people "are frustrated that . . . they cannot enjoy the opportunity that some people do." A.R. 122-23. She was also aware of two other young female students who had been kidnapped. A.R. 123-24. Her asylum application noted that she sought relief as a member of a particular social group; as a "student[] and young girl[]." A.R. 229.

The IJ found that Nicolas testified credibly, but denied relief because she had "not established that she was abducted on account of at least one of the central reasons enumerated in the Act." A.R. 66. The IJ found that Nicolas had been a victim of crime, and that "there are widespread kidnappings of citizen [sic] of all societal strata by armed and organized criminal elements in Haiti . . . and one particular group is not targeted over another group." A.R. 68. The IJ therefore denied Nicolas asylum and withholding of removal. The IJ also found that Nicolas had failed to show that she had been tortured in the past or would likely suffer torture in the future. A.R. 70.

The BIA agreed that the record did not support a conclusion that kidnappings in Haiti focused on any particular group, "let alone a particular social group made up of young female students." A.R. 4. The BIA affirmed the IJ's finding "that the respondent

did not prove that her membership in a particular social group was or will be at least one central reason for the persecution." Id. The BIA also found her ineligible for relief under the CAT, as she had "not shown that anyone in the Haitian government would affirmatively consent or acquiesce to her torture . . . ." Id. Nicolas filed a timely petition for review.

## II.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. Where, as here, the BIA adopted some of the findings of the IJ and made additional findings, we review the decisions of both the BIA and the IJ. Gomez-Zuluaga v. Attorney General, 527 F.3d 330, 339 (3d Cir. 2008). To be granted asylum as a refugee, an applicant must establish that she is unable or unwilling to return to her homeland "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To be entitled to withholding of removal, an applicant must prove that her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). Thus, to be eligible for asylum or withholding of removal, it is not enough for Nicolas to show that she suffered persecution in the past; she would also need to show "that the persecution was *on account of* [her] . . . membership in a particular social group . . . ." Lukwago v. Ashcroft, 329 F.3d 157, 170 (3d Cir. 2003). Pursuant to the REAL ID Act of

4

2005, the "applicant must establish that . . . membership in a particular social group . . . was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i) [INA § 208(b)(1)(B)(i)]. "[A]sylum may not be granted if a protected ground is only an incidental, tangential, or superficial reason for persecution of an asylum applicant." Ndayshimiye v. Att'y Gen., 557 F.3d 124, 130 (3d Cir. 2009) (internal quotation and citation omitted).

As noted, Nicolas argued that she was and would be persecuted because of her membership in the particular social group of young, female students. In Matter of Acosta, 19 I. & N. Dec. 211, 233 (1985), the BIA suggested that "sex" might be an innate characteristic that could link the members of a "particular social group." But "[p]ossession of broadly-based characteristics such as youth and gender will not by itself endow individuals with membership in a particular group." Lukwago, 329 F.3d at 172. Further, it is not clear that Nicolas's attackers were motivated by her gender, her youth, or her status as a student. See Niang v. Gonzales, 422 F.3d 1187, 1199-1200 (10th Cir. 2005) (focus should not be on whether gender can constitute social group, but on whether "members of that group are sufficiently likely to be persecuted that one could say that they are persecuted 'on account of' their membership"); see also Gomez-Zuluaga, 527 F.3d at 345 n.10 ("It is not necessary for us to determine whether this is a cognizable 'particular social group' under the statute, because there is substantial evidence in the record to conclude that [the perpetrator] was not motivated by Petitioner's membership in

5

a particular social group[.]). Indeed the evidence in the record showed that kidnappings were widespread in Haiti and not limited to young, female students.

Because substantial evidence supports the BIA's conclusion that Nicolas did not meet her burden of showing that she suffered persecution on account of a protected ground, we may not grant the petition with regards to Nicolas's claims for asylum and withholding of removal. See Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir. 2003) (alien who is unable to establish refugee status for the purpose of asylum will be unable to establish right to withholding of removal).

### III.

The applicant for relief under the CAT bears the burden of proving that it is more likely than not that she would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2); see also Kamara v. Att'y Gen., 420 F.3d 202, 212-13 (3d Cir. 2005). For an act to constitute torture under the CAT, it must be: (1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for a proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or control of the victim; and (5) not arising from lawful sanctions. Id. at 213; see also 8 C.F.R. § 1208.18(a)(1). The requirement that the torture be intentionally inflicted requires a showing that the "prospective torturer will have the goal or purpose of inflicting severe pain or suffering" on the petitioner. Pierre v. Att'y Gen., 528 F.3d 180, 190 (3d Cir. 2008) (en banc). The "acquiescence of a public official"

6

requirement does not require actual knowledge of torturous conduct, but can be satisfied by a showing that the government is willfully blind to the conduct in question or has breached its legal responsibility to prevent it.  Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 70 (3d Cir. 2007); Gomez- Zuluaga, 527 F.3d at 350.

We agree with the BIA that Nicolas failed to show that she is likely to be tortured in Haiti.  Although country reports indicate that kidnapping is widespread, there is no indication that anyone will kidnap Nicolas with the "specific intent" to torture her.  If there is no evidence that the "prospective torturer will have the goal or purpose of inflicting severe pain or suffering," the specific intent requirement of CAT is not fulfilled.  Pierre, 528 F.3d at 190.  This showing is required even when the conditions in the country of removal are such that removal is likely to result in harm to the petitioner.  Id. at 191 (denying CAT relief where petitioner was likely to experience pain and suffering due to poor conditions in Haitian prisons, but failed to show that Haitian officials had the specific intent to inflict severe pain or suffering by placing him in detention upon removal).  It appears that Nicolas was the victim of a random criminal act, and was not singled out for the specific purpose of being tortured.

For the foregoing reasons, we will deny the petition for review.